JOHN BIRD *v.* VILLENEUVE LEBLANC et al.

*An agreement by an endorser to waive protest of a note does not dispense with notice of non-payment.*

APPEAL from the District Court of West Baton Rouge, *Burk,* J. *J. M. Brunot,* for plaintiff. *George S. Lacey,* for defendant. The judgment of the court was pronounced by

EUSTIS, C. J. This is an appeal taken by the defendant from a judgment of the Court of the Sixth Judicial District rendered against him as the endorser of a promissory note of *Samuel M. D. Clark.* On the back of the note is written, "I hereby waive protest on the, within note." Signed by the defendant. The defence is, want of notice of non-payment of the note.

We do not consider that by this consent to waive a formal protest of the note the party bound himself to pay the note at all events. We understand the rule of law to be, that agreements of this kind are to be construed strictly. In considering the effect of an agreement on the part of an endorser to dispense with the protest, less restricted in its terms than this, we held, that the necessity of notice was not thereby waived. This decision was made on the authority of the case of the *Union Bank* v. *Hyde.* 6 Wheaton's R. 574. 1 Ann. 314. *Watt* v. *Bry.* A decision to the contrary may be found in the case of *Coddington* v. *Davis,* 3 Den. 17. But, on a full consideration of the subject, we adhere to the rule laid down by the Supreme Court of the United States.

It is not desirable in a mercantile community, that the defaults to pay bills or notes, when due, should be kept secret. It enables insolvents to maintain a false credit. We have had cases before us in which the waivers of protest have been the means of misleading the public as to the real situation of parties, and producing great injury thereby ; and this is a strong reason for holding to the old rule, and not encouraging waivers of protest by giving them a large construction.

The judgment of the district court is reversed, and judgment rendered for the defendant, as in case of non suit; with costs in both courts.